Alden J. Parker (SBN 196808)
E-Mail: aparker@fisherphillips.com
William Okamoto (SBN 342147)
E-Mail: wokamoto@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Defendants
AUNTIE ANNE'S FRANCHISOR SPV, LLC,
CINNABON FRANCHISOR SPV LLC, and FOCUS
BRANDS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARK HONG, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>AUNTIE ANNE'S FRANCHISOR SPV, LLC, a Delaware Limited Company; CINNABON FRANCHISOR SPV LLC, a Delaware Limited Liability Company; FOCUS BRANDS, LLC, a Limited Liability Company; and DOES 1 through 100,<br><br>            Defendants. | Case No:<br><br>*[Originally Los Angeles County Superior Court Case No. 22STCV35355]*<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint Filed:   November 4, 2022 |

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

FP 45764339.1

**TO PLAINTIFF MARK HONG AND HIS COUNSEL OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that DEFENDANTS AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON FRANCHISOR SPV LLC, and FOCUS BRANDS, LLC (collectively "Defendants"), through its counsel of record, hereby submit this Notice for Removal ("Notice") to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this Notice is based on diversity of citizenship, as follows:

**I.    PROCEDURAL HISTORY**

1.    On October 4, 2022, Plaintiff Mark Hong ("Plaintiff") filed an unverified complaint for damages ("Complaint") in the Superior Court of the State of California, in and for the County of Los Angeles, thereby initiating the civil action entitled "*MARK HONG, an individual, plaintiff, vs. AUNTIE ANNE'S FRANCHISOR SPV LLC, a Delaware Limited Liability Company; CINNABON FRANCHISOR SPV LLC, a Delaware Limited Liability Company; FOCUS BRANDS, LLC, a Limited Liability Company; and DOES 1 through 100, inclusive, Defendants*," Case No. 22STCV35355 (hereafter, the "State Court Action").  A true and correct copy of the Complaint is attached as **Exhibit ("Exh") A** to the Declaration of William T. Okamoto ("Decl. Okamoto").

2.    The County of Los Angeles is within the territory of the United States District Court for the Central District of California. *See* 28 U.S.C. § 84(c).

3.    In the State Court Action, Plaintiff alleges seven causes of action: (1) Discrimination on the Basis of Race; (2) Harassment; (3) Failure to Take all Steps Necessary to Stop discrimination and Harassment from Occurring; (4) Retaliation; (5) Whistleblower Retaliation; (6) Wrongful Termination; and (7) Intentional Infliction of Emotional Distress.  Decl. Okamoto, **Exh. A**.

4.    On or about November 10, 2022, Plaintiff served on Defendants a copy of

the Summons and Complaint, Civil Case Cover Sheet and Notice of Case Management. Decl. Okamoto, at ¶ 3. DOES 1 through 100, inclusive, have not been identified, and there is no record or indication that any Doe defendants have been served with the Summons or the Complaint in the State Court Action.

5.    On December 12, 2022, Defendants submitted for filing, an Answer in the State Court Action. A true and correct copy of Defendant's responsive pleading is attached as **Exhibit F** to the Decl. Okamoto.

6.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served on Defendant are attached as **Exhibit A** (Complaint), **Exhibit B** (Summons), **Exhibit C** (Civil Case Cover Sheet), **Exhibit D** (Proof of Service of Summons as to all Defendants), and **Exhibit E** (Notice of Case Management Conference) to the Decl. Okamoto.

7.    No further pleadings have been filed and no further proceedings related thereto have been heard in Superior Court. (Decl. Okamoto, at ¶ 6.)

## II.    REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD.

8.    In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.*; *Garnett v. ADT LLC*, 74 F. Supp.3d 1332, 1334 (E.D. Cal. 2015); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196-1197 (9th Cir. 2015); *Jackson v. CEVA Logistics*, No. 19-CV-07657-LHK, 2020 WL 1967208, at *8 (N.D. Cal. Apr. 24, 2020); *Fukuchi v. Stein Mart, Inc.*, No. CV 19-8266-MWF (RAOx), 2019 WL 8756866 at *3 (C.D. Cal. 2019). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided

under a preponderance of evidence standard. *See Dart Cherokee*, 574 U.S. at 88-89.

## III. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED.

### A. The United States District Court for the Central District of California Is the Proper Venue.

9.     In accordance with 28 U.S.C. section 1446(a), this Notice is filed with the District Court of the United States in which the Action is pending.  The Superior Court of California, County of Los Angeles, is located within the Central District of California. *See* 28 U.S.C. § 84(c).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. §1441(a). Thus, this Court is the proper district court to which this case may be removed.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

### B. The Removal of this Action Is Timely.

10.     Defendants were served with the Summons and Complaint on or about November 10, 2022. *See* Decl. Okamoto ¶ 3. As such, this removal is timely filed as required by 28 U.S.C. section 1446(b) because it has been filed within thirty (30) days of the date of first service of the State Court Action on Defendant and within one year of the date the State Court Action was filed.

### C. The Service and Filing of Notice Requirements Have Been Satisfied.

11.     In accordance with 28 U.S.C. § 1446(d), Defendants are serving a copy of this Notice upon counsel for Plaintiff, and Defendants will file copies of this Notice with the Clerk of the Superior Court of California in the County of Los Angeles and with the Clerk of the United States District Court, Central District of California.  Defendants will promptly file true and correct copies of the Proof of Service regarding the Notice of Removal to Plaintiff and the state court.

/ / /

/ / /

/ / /

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

FP 45764339.1

# IV.    THE U.S. DISTRICT COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332 and § 1441.

12.    This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below.  *See* 28 U.S.C. §§ 1332, 1441(b).

## A.    A Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.

### 1.    *Citizenship of Plaintiff*

13.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain).  Residence is *prima facie* evidence of domicile.  *Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo*, LLC, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).  In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

14.    Based on the allegations in Plaintiff's Complaint, Plaintiff was a citizen and resident of the State of California at the time this action commenced and remains so at the time of this removal. See Decl. Okamoto, **Exh. A**, at ¶ 4 ("[a]t all times herein mentioned, Plaintiff is and was a resident of Los Angeles County.").  The presumption of continuing domicile provides a legal presumption that Plaintiff is still a resident of the State of California.  *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir.

2013) ("[A] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted . . . . This presumption has been widely accepted, including by [the Ninth] circuit."). For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co., 265 F.3d 853, 857* (9th Cir. 2001). Nothing in the Complaint or other pleadings suggest otherwise. Accordingly, Plaintiff is and has been domiciled in and is a citizen of the State of California.

### 2.  *Citizenship of Defendant Auntie Anne's*

15.  At the time Plaintiff filed the Complaint in the State Court, Defendant Auntie Anne's was (and it also remains) a citizen of a state other than California. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010) (determining that a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located). Defendant, is and at all relevant times has been, incorporated in the State of Delaware. Decl. Bravo, at ¶ 7. Because Defendant is incorporated in the State of Delaware, it is domiciled in Delaware.

16.  Further, a business is deemed to be a citizen of the state under whose laws it is organized and where it has its principal place of business. 28 U.S.C. § 1332(d)(10). "'[P]rincipal place of business'. . . . refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). This is the corporation's "nerve center." *Id.* at 93. Pursuant to the principal place of business test, Defendant Auntie Anne's "principal place of business" is, and has at all relevant times been the State of Pennsylvania namely:

a.  Defendant Auntie Anne's has, at all such times, maintained its headquarters in Atlanta, Georgia;

/ / /

b.   Atlanta, Georgia is and has at all such times been where Defendant Auntie Anne's officers have directed, controlled, and coordinated its business activities; and

c.   Defendant Auntie Anne's headquarters in Atlanta, Georgia and has at all such times been the location of Defendant's executive and administrative offices, including its corporate finance, accounting, human resources, information technology and legal departments. Decl. Bravo, at ¶ 7.

17.   Therefore, Defendant Auntie Anne's is, and has been since the filing of this lawsuit, a citizen of the states of Delaware and Georgia. *See* 28 U.S.C. § 1332(d)(10); *cf. Hertz*, 559 U.S. at 78.

### 3.   *Citizenship of Defendant Cinnabon*

18.   Similar to Defendant Auntie Anne's, Defendant Cinnabon was and continues to be a citizen of a state other than California.  At all relevant times, Defendant Cinnabon has been incorporated in the State of Delaware.  Decl. Bravo, at ¶ 8. Thus, because Defendant Cinnabon is incorporated in the State of Delaware, it is domiciled in Delaware.

19.   Moreover, Defendant Cinnabon's principal place of business is, and has at all relevant times been the State of Georgia namely:

a.   Defendant has, at all such times, maintained its headquarters in Atlanta, Georgia;

b.   Atlanta, Georgia is and has at all such times been where Defendant Cinnabon officers have directed, controlled, and coordinated its business activities; and

c.   Defendant's headquarters in Atlanta, Georgia and has at all such times been the location of Defendant's executive and administrative offices, including its corporate finance, accounting, human resources, information technology and legal departments. Decl. Bravo, at ¶ 8.

/ / /

/ / /

6

FP 45764339.1

20.     Therefore, Defendant Cinnabon is, and has been since the filing of this lawsuit, a citizen of the states of Delaware and Georgia.  *See* 28 U.S.C. § 1332(d)(10); *cf. Hertz*, 559 U.S. at 78.

### 4.     *Citizenship of Defendant Focus Brands*

21.     Consistent with Defendants Auntie Anne's and Cinnabon, Defendant Focus Brands was and continues to be a citizen of a state other than California.  At all relevant times, Defendant Focus Brands has been incorporated in the State of Delaware.  Decl. Bravo, at ¶ 6. Thus, because Defendant Focus Brands is incorporated in the State of Delaware, it is domiciled in Delaware.

22.     Defendant Focus Brands' principal place of business is, and has at all relevant times been the State of Georgia namely:

      a.  Defendant has, at all such times, maintained its headquarters in Atlanta, Georgia;

      b.  Atlanta, Georgia is and has at all such times been where Defendant Focus Brands officers have directed, controlled, and coordinated its business activities; and

      c.  Defendant Focus Brands' headquarters in Atlanta, Georgia and has at all such times been the location of its executive and administrative offices, including its corporate finance, accounting, human resources, information technology and legal departments. Decl. Bravo, at ¶ 6.

23.     Therefore, Defendant Focus Brands is, and has been since the filing of this lawsuit, a citizen of the states of Delaware and Georgia. *See* 28 U.S.C. § 1332(d)(10); *cf. Hertz*, 559 U.S. at 78.

### 5.     *Citizenship of Doe Defendants*

24.     The Complaint also names as Defendants DOES 1 through 100 ("DOE Defendants").  The one hundred "Doe" Defendants named in the Complaint are not considered in assessing diversity.  *See*, *e.g.*, *Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of

defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

### 6.    *All Parties are Diverse*

25.    As demonstrated herein, all relevant parties are diverse in citizenship. For the purposes of diversity jurisdiction, Plaintiff is considered a citizen of the state of California. Since all Defendants are incorporated in Delaware, Defendants are citizens of Delaware, which is diverse from Plaintiff. Similarly, all Defendants are also citizens of Georgia because Atlanta, Georgia is and has been each's principal place of business, which is similarly diverse from Plaintiff. Therefore, complete diversity exists.

### B.    **Doe Defendants Are disregarded for Purposes of Removal.**

26.    Defendants DOES 1 through 100, inclusive, are fictitious. The Complaint does not set forth the identity or status of any fictitious defendant, nor does it set forth any charging allegation against any fictitious defendant. Pursuant to section 1441, the citizenship of these defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties to this action. 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–691 (9th Cir. 1998). Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

### C.    **The Amount in Controversy Requirement Is Satisfied.**

27.    The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

28.    The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart*

*Cherokee*, 574 U.S. at 89.  The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).  A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

29.    Plaintiff's Complaint does not identify the amount in controversy in this action, though it does indicate that the amount in controversy exceeds $25,000 and that Plaintiff's base annual rate of compensation was one-hundred and twenty thousand dollars ($120,000.00). (See Decl. Okamoto, **Exh. A**, ¶14.)  Accordingly, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer, supra*, 116 F.3d at p. 377; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Notwithstanding the fact that Plaintiff fails to specify the dollar amount of damages being sought in the Complaint, the allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.  Economic damages, non-economic damages, general damages, punitive damages, and attorneys' fees are all included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

30.    Importantly, Defendant denies Plaintiff' allegations, denies any liability to Plaintiff, and denies that Plaintiff has suffered any damages attributable to Defendant. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, the court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,

9

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).   This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *see also Galt*, 142 F.3d at 1155 (citing *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979)). The ultimate inquiry is what amount is put in controversy by the complaint, not what the amount of the defendant's liability (if any) will ultimately be.

31.    In the instant case, Plaintiff alleges seven causes of action seeking recovery of general damages, including non-economic damages; special damages, including without limitation, loss of wages and benefits; punitive and exemplary damages; general damages for mental pain and anguish and emotional distress and loss of earning capacity; payment of wages, statutory penalties, and waiting time penalties; post-judgment interest and interest provided by law; and attorneys' fees and cost of suit.  (Decl. Okamoto, **Exh. A**, Prayer ¶¶1-9.) California federal courts, including this Court, have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims.  *See, e.g., Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees)

32.    Further, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

FP 45764339.1

### 1. *Special Damages*

33.     Plaintiff alleges that as a result of Defendant's conduct, he is entitled to "compensatory, consequential, and special damages". (Decl. Okamoto, **Exh. A**, Prayer at ¶ 3). Under California's Fair Employment and Housing Act, California Government Code section 12926, et seq., all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 32 Cal.3d 211 (Cal. 1982); *see also* Decl. Okamoto, **Exh. A**, Prayer at ¶ 1-2. Plaintiff alleges that he was employed by Defendant from July 2012 until February 2022; he also alleges that his base annual rate of compensation was one-hundred and twenty thousand dollars ($120,000.00) per year. (Decl. Okamoto, **Exh. A, ¶¶** 14, 46.) Taking his known salary amount, this amounts to $10,000.00 average monthly pay.

34.     Plaintiff makes no allegation in his Complaint that he has found other work, let alone work that pays the same compensation that he previously alleged to have received with Defendant. Thus, at this juncture, Plaintiff is effectively seeking approximately nine months of lost wages (the time of his termination in February 2022 to the filing of the Complaint in November 2021), and this claim will continue to accrue during the pendency of this litigation. Assuming trial proceeds in 18 months from the current date, Plaintiff will claim approximately 27 months of lost wages, or $270,000.00 ($10,000.00 per month x 27 months).

35.     Notwithstanding the above, Plaintiff's claimed lost wage damages do not end there. Plaintiff may also be entitled to "front pay" damages in the form of potential future lost wages beyond even the date of trial, to compensate Plaintiff for lost future expected earnings had the alleged unlawful termination not occurred. Such damages can include pay for multiple years of employment. *See, e.g.*, *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal.App.3d 91, 97 (1976) (four years' pay deemed reasonable as "front pay" damages).

### 2. *General Damages, Including Emotional Distress*

11

36.     Plaintiff also seeks an unspecified amount of general damages, which necessarily include damages for emotional distress.  Plaintiff alleges that he "suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish . . . ."  (*See*, for example, Decl. Okamoto, **Exh. A**, at ¶103.)  Accordingly, it is very likely that Plaintiff will seek a substantial sum for emotional distress damages.  *Simmons, supra*, 209 F.Supp.2d at p. 1034 ("emotional distress damages in a successful employment discrimination case may be substantial.").  Recent verdicts in employment cases confirm that emotional distress awards may be substantial.  *See Ontiveros v. Michaels Stores, Inc., No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy)*.  As such, the amount in controversy is increased from the previously detailed $270,000 special damages.

### 3.     Attorney's Fees

37.     Plaintiff also seeks to recover an unspecified amount in attorneys' fees related to all causes of action.  (*See*, Decl. Okamoto, **Exh. A**, Prayer ¶ 8.)  In the language of the D.C. District Court, "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible."  *Parker-Williams, supra*, 53 F.Supp.3d at p. 153.  Simply put, it is more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

### 4.     Punitive Damages

38.     Plaintiff also seeks punitive damages.  (*See,* Decl. Okamoto, **Exh. A**, Prayer ¶ 5.)  Many punitive damages verdicts against businesses exceed $75,000.00.  *See, Dunn v. Allstate Insurance Co*., 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Insurance Co*., 897 F.Supp. 447, 451 (S.D. Cal. 1995).  *See also, Allen v. R&H*

*Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount of $75,000).

39.    Although Defendants adamantly deny that any award of damages, let alone punitive damages, are recoverable, Plaintiff's prayer for punitive damages, by itself, also satisfies the $75,000 requirement.

> 5.    *The Totality of the Amount in Controversy Substantially Exceeds $75,000*

40.    Based on the nature of the allegations and damages sought in the Complaint, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, this State Court action may be removed to the United States District Court for the Central District of California - Southern Division because, at the time this action was filed and the present time, diversity jurisdiction exists.

# V.    **CONCLUSION**

41.    Since minimum diversity exists and the amount in controversy exceeds $75,000, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court of the Central District of California pursuant to diversity jurisdiction.

DATE:  December 12, 2022            FISHER & PHILLIPS LLP


By: /s/ William T. Okamoto
    Alden J. Parker
    William Okamoto

    Attorneys for Defendants
    DEFENDANTS AUNTIE ANNE'S
    FRANCHISOR SPV LLC; CINNABON
    FRANCHISOR SPV LLC; and FOCUS
    BRANDS, LLC

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

FP 45764339.1

# EXHIBIT A

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 11/04/2022 05:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk

Case 2:22-cv-08098-MCS-MRW    Document 1    Filed 12/12/22    Page 16 of 72    Page ID #:16

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Randolph Hammock

Nazo Koulloukian, Esq. (SBN 263809)
*nazo@koullaw.com*
Christine Harmandayan, Esq. (SBN 320999)
*christine@koullaw.com*
**KOUL LAW FIRM**
3435 Wilshire Blvd., Suite 1710
Los Angeles CA 90010
Phone: (213) 761-5484
Fax:    (818) 561-3938

Attorneys for Plaintiff,
MARK HONG

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES- CENTRAL DISTRICT

| | |
|---|---|
| MARK HONG, an individual,<br><br>                                 Plaintiff,<br><br>vs.<br><br>AUNTIE ANNE'S FRANCHISOR SPV LLC , *a Delaware Limited Liability Company;* CINNABON FRANCHISOR SPV LLC , *a Delaware Limited Liability Company;* FOCUS BRANDS, LLC, *a Limited Liability Company;* and DOES 1 through 100, inclusive,<br><br>                                 Defendants. | Case No.: 22STCV35355<br><br>(UNLIMITED CIVIL ACTION)<br>(DEMAND EXCEEDS $25,000)<br><br>**PLAINTIFF MARK HONG'S COMPLAINT FOR DAMAGES AND OTHER RELIEF;**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff MARK HONG, through his counsel of record, Koul Law Firm, and files this Complaint seeking damages and other relief for violations of California law and as grounds for his action, Plaintiff alleges as follows:

## INTRODUCTION

1.    This is an action brought by the Plaintiff, MARK HONG (hereinafter referred to as "Plaintiff") pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON

FRANCHISOR SPV LLC,  and FOCUS BRANDS, LLC (collectively hereinafter referred to as "FOCUS BRANDS"), a company that is operating and doing business within the state of California.

2.    Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary and other relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action, and this Court has personal jurisdiction over the Defendants by virtue of Defendants transacting, doing, and soliciting business in the county of Los Angeles, and because the Defendant's conduct that harmed Plaintiff occurred within this county.

## PARTIES

4.    At all times herein mentioned, Plaintiff is and was a resident of Los Angeles County.

5.    At all times herein mentioned, Plaintiff was an employee of Defendant FOCUS BRANDS.

6.    Prior to filing this complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed a complaint with the California Department of Fair Employment and Housing (hereinafter "DFEH") and has received the Right to Sue Letter from the DFEH. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action.

7.    Defendant FOCUS BRANDS is and, at all times herein mentioned, has been a business with the capacity to sue and to be sued, and doing business throughout the state of California, with a principal place of business in California, with 5 (five) of more employees.

8.    Plaintiff is unaware of the names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that these defendants proximately caused Plaintiff's damages.

9.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants was the alter ego, joint venturer, co-employer, joint employer, agent, and/or employee of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment. Defendant FOCUS BRANDS is vicariously liable and strictly liable for the acts and/or omissions of any owner, supervisor or manager, which were committed within the course and scope of his or her employment.

10.      Plaintiff is informed and believes and thereon alleges that each defendant and its agents, employees, and/or representatives as may be identified hereinafter and in the discovery phase of this case, knowingly and purposefully conspired to, and agreed between themselves, to the acts herein alleged.  Each defendant also conspired, aided, encouraged, ratified, and adopted the acts of each other.

11.      Plaintiff is informed and believes and thereon alleges that a defendant may have committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff will seek leave of court to amend this Complaint when Plaintiff discovers these other acts and/or omissions.

12.      Defendant FOCUS BRANDS and its agents herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.      Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed a complaint with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH"), and on October 28, 2022 received Right to Sue Letters from the DFEH.  Plaintiff has therefore

substantially complied with all requirements for the filing of this Complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action. A copy of Plaintiff's FEHA complaint to the Department along with the Department's response is attached hereto as Exhibit "A."

## **FACTUAL ALLEGATIONS**

14. Plaintiff commenced employment with Defendant FOCUS BRANDS on or about July 23, 2012. By the time of his termination, Plaintiff was employed as Director of Franchise Development and was earning an annual base salary of $120,000.

15. Plaintiff's duties consisted of identifying franchises in order to expand the company, focusing on the company's business development, and taking charge of the footprint of units.

16. At all relevant times herein, Chris Burdette ("Burdette") was Plaintiff's immediate supervisor and was the Vice President of Sales.

17. At all times herein mentioned, Plaintiff was Asian American. In fact, Plaintiff was the only Asian American and minority in his department.

18. Prior to Burdette taking over as Plaintiff's supervisor, Plaintiff was overall content with his employment with Defendant.

19. In or around July 2021, when Burdette became Plaintiff's supervisor, Burdette began to harass and discriminate against Plaintiff solely on the basis of his race and/or ethnicity.

20. From the very first meeting Plaintiff had with Burdette, Burdette made racially insensitive comments that made Plaintiff feel uncomfortable and distraught.

21. On or about July 22, 2021, Burdette urged Plaintiff and said, "come on man, I thought Asians were supposed to be good at math."

22. Plaintiff was shocked to hear his new immediate supervisor Burdette make such stereotypical and racist comments directed at Plaintiff solely due to his race and/or ethnicity.

23. Shortly after the meeting, Plaintiff and Burdette had a scheduled call on or about July 28, 2021, during which time Burdette instructed Plaintiff to only address issues with him, rather than others in management like Plaintiff had done so in the past.

24.     On or about July 30, 2021, Plaintiff received a call from Burdette during which time Burdette yelled at him by stating, "What the fuck is wrong with you! I told you to stop communicating with [client]! I told you that Brian and Joe will discuss. Are you hard of hearing like you are hard of seeing?"

25.     During the call, Plaintiff asked Burdette what he meant by "hard of hearing like you are hard of seeing?" to which Burdette replied that "it means I made it clear so stop asking questions about it!" To Plaintiff it was clear that Burdette was referring to his Asian eyes.

26.     On or about August 4, 2021, Plaintiff called his supervisor Burdette and upon answering Burdette told Plaintiff "what's up Hong Kong!?"

27.     On or about August 11, 2021, and on or about August 16, 2021, Burdette repeatedly referred to Plaintiff as Hong rather than addressing him by his first name.

28.     On or about August 17, 2021, Burdette called Plaintiff and screamed at him "How in the fuck did you think it was ok to submit [a] deal like that, you fuckin moron! You are embarrassing me and making me look like a fool!"

29.     At that time, Plaintiff protested Burdette actions and told Burdette, "Chris please don't talk to me in that manner." But Burdette ignored his request.

30.     On or about September 14, 2021, Burdette called Plaintiff immediately after a conference call and attacked and yelled at Plaintiff "you let me walk right into this meeting without preparing me for it. I had no idea this deal included his current territory rights. You fucked up real bad, Mark! How could you mess up this bad? You are so fucking stupid."

31.     Once again Plaintiff protested Burdette's harassment and told him "Chris, hold up please don't call me stupid and please don't yell and curse at me" but Burdette's actions never changed and only grew increasingly hostile.

32.     On or about September 16, 2021, Burdette called Plaintiff and tells him in a very irate manner that he "royally Fucked up" and "to shut the fuck up! I don't give a fuck about the deal term sheet! You should have prepared me better and because you didn't, I looked like a stupid asshole! If it was up to me, I'd fire your ass right now. Don't push your luck... If you ever mess up like this again, you're fired."

33.    From that moment on Plaintiff was under the constant threat and intimidation that Burdette would fire him.

34.    On or about September 21, 2021, Burdette called Plaintiff angrily asking him why he had not been on the Monday team calls and whether he thought that he was "fucking special" and exempt from the team calls.

35.    When Plaintiff tried to explain the reason for his absence, Burdette replied, "no you idiot! You need to be on the call. You are not special."

36.    In an attempt to prevent any further harassment by Burdette, Plaintiff complied with Burdette's request.

37.    On or about September 28, 2021, Burdette continued to make racially derogatory comments towards Plaintiff. For example, he asked Plaintiff, "hey Hong, now that we waived the credit check for the Indians are they going to move forward on this deal or what?"

38.    On or about October 19, 2021, Plaintiff received a call from Burdette and immediately started shouting at him, "What the fuck did you say to [our client], you dumb fuck. She's calling … bitching about how you fucked up this deal and were unprofessional to her on the call. How can you fuck up like this again?!"

39.    By then, Plaintiff could no longer tolerate the frequent verbal abuse by Defendant Burdette. As such, Plaintiff told Burdette to check his email and discuss the matter once he was calm.

40.    A few weeks later, on or about November 3, 2021, again Plaintiff confronted Burdette about the harassing conduct Burdette subjected Plaintiff to.

41.    At that time, Burdette stated, "I'm really sick and tired of your complaints and having to constantly clean up your mess and tell you how to do your job. I thought Asians are smarter than this. Send me all your deal updates…" and proceeded to hang up.

42.    Shortly after his complaint, on or about November 11, 2021, Burdette yelled at Plaintiff during a call stating, "Why don't you just shut the fuck up Hong! I'm sick of your shit! If you knew what you were doing you would have had this deal closed a long time ago."

43.    No longer being able to withstand Burdette's unlawful conduct, Plaintiff reported the discrimination and harassment he had been subjected to.

44.    Plaintiff made the reports to FOCUS BRAND'S general counsel, Sarah Powell, and the director of Human Resources in or around December 2021.

45.    At that time, Plaintiff was informed by Sarah Powell that an investigation would be conducted based on Plaintiff's complaints.

46.    Less than two months later, in or around February 2022, Plaintiff was terminated from his employment.

47.    Despite Plaintiff's hostile work environment, as well as the harassment he was subjected to and lack of support from Defendant, Plaintiff was a stellar employee, who performed his job in a professional and diligent manner throughout the entirety of his employment with Defendant.

48.    Plaintiff was a top performer and never had any issues with anyone else.

49.    Defendant acted with the fraudulent, malicious, and oppressive intent to cause Plaintiff harm when it made the adverse decision to wrongfully terminate Plaintiff from his employment.

## FIRST CAUSE OF ACTION

### DISCRIMINATION ON THE BASIS OF RACE

### Violation of FEHA, Gov. Code, § 12940, et seq.

### (Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON FRANCHISOR SPV LLC，FOCUS BRANDS, LLC and DOES 1 - 100)

50.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action

51.    Government Code section 12940(a) provides that it is an unlawful employment practice "[f]or an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or sexual orientation

of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

52. Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA. At all times herein mentioned, Government Code §12940, et seq. was in full force and effect and was binding on Defendant who was subject to their terms. These sections require Defendant, as an employer, to refrain from discriminating against any employee on the basis of his race.

53. Plaintiff, at all times relevant hereto, was an employee of Defendant.

54. Plaintiff's protected status under the FEHA is Plaintiff's race. Plaintiff, at all times herein mentioned, was an Asian "employee" as defined by Government Code §12926 et seq. and §12940 et seq.

55. As of commencement of his employment, and at all times herein mentioned, Plaintiff was in all respects qualified for his position. Plaintiff had performed his job duties competently and diligently throughout his employment with Defendant.

56. Defendant made decisions adverse to Plaintiff with regards to terms, conditions, and privileges of employment, including but not limited to, failing and refusing to take any actions to stop the retaliation Plaintiff was subjected to and terminating Plaintiff in or around February 2022.

57. Plaintiff's race was a motivating factor in Defendant's aforementioned decisions that were adverse to Plaintiff in regards to terms, conditions, and privileges of employment.

58. As a direct, legal, and proximate cause of Plaintiff's race, Defendant discriminated and harassed, and took adverse employment actions, against Plaintiff.

59. Similarly situated non-protected employees were treated more favorably than Plaintiff.

60.     Such employment practices are unlawful and discriminatory and in violation of Government Code Section 12940 et seq., and have resulted in damages and injury to Plaintiff, as alleged herein.

61.     As a direct, legal, and proximate result of Defendant's discrimination against Plaintiff on the basis of his race and engagement in protected activities herein mentioned, Plaintiff has been harmed in that Plaintiff has suffered a loss of past or future earnings, the intangible loss of such employment-related opportunities as experience in the position from which Plaintiff was wrongfully terminated, and the enhanced employee benefits and job security provided by Defendant.  As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

62.     As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

63.     Defendant committed the discriminatory acts against Plaintiff herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

64.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees, and hereby requests attorney fees pursuant to Labor Code § 218.5.

///

///

///

///

///

## SECOND CAUSE OF ACTION

### HARASSMENT

### (Violation of FEHA, Gov. Code, § 12940(j), and Public Policy)

### (Against All Defendants)

65.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

66.     California Fair Employment and Housing Act ("FEHA") and the California Constitution, Article 1, §8 prohibit against harassment based on age, gender, disability, race, national origin or ancestry in employment. [Gov. Code, §§12940(a) - (j)]. (Gov. Code, § 12940, et seq.)

67.     At all applicable times mentioned in this Complaint, Defendant FOCUS BRANDS regularly employed persons in the state of California, bringing Defendant FOCUS BRANDS within the provisions of the FEHA which proscribe harassment.  Defendant, and each of them, and DOES 1 through 100 are separately and individually liable under FEHA for harassment.

68.     Plaintiff was regularly harassed by Defendant FOCUS BRANDS' employees, including but not limited to Burdette, as prohibited under FEHA.  This constant harassment was so despicable, severe and pervasive as to materially alter Plaintiff's work environment.

69.     Plaintiff suffered psychologically, emotionally, and physically from being the victim of the harassment committed by FOCUS BRANDS and FOCUS BRANDS' employees, and also due to FOCUS BRANDS' failure to prevent such harassment from occurring.  FOCUS BRANDS' employees, including but not limited to Burdette, are liable for creating a "hostile work environment" by subjecting Plaintiff to constant, severe, and pervasive harassment and intentional torts. FOCUS BRANDS is liable to Plaintiff for the conduct of their employees, managers, supervisors, and owners towards Plaintiff.

70.     As a direct and legal result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.  Furthermore, Plaintiff has also been harmed in that Defendant's unlawful actions as described herein have prevented and will prevent Plaintiff from obtaining pay increases and promotions.  As a result of such unlawful conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof.

71.     As a further proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

72.     Defendants committed the aforementioned acts against Plaintiff herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of each Defendant named herein.

73.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as hereafter provided.

///
///
///
///
///
///
///

## THIRD CAUSE OF ACTION

### FAILURE TO TAKE ALL STEPS NECESSARY TO STOP DISCRIMINATION AND HARASSMENT FROM OCCURRING

### (Violation of FEHA, Gov. Code, § 12940(k))

### (Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON FRANCHISOR SPV LLC , FOCUS BRANDS, LLC and DOES 1 - 100)

74.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

75.     Defendant failed to take all reasonable steps necessary to prevent the discrimination and harassment of Plaintiff from occurring in violation of Government Code §12940(k).  This includes discriminating and harassing against Plaintiff because of his complaint/ race and or ethnicity and creating a hostile work environment.

76.     As a proximate result/ direct and legal result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

77.     As a proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

78.     Plaintiff has incurred and continues to incur legal expenses and attorney fees, and hereby request attorney fees pursuant to Labor Code § 218.5. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as hereafter provided.

///

///

## FOURTH CAUSE OF ACTION

### RETALIATION

### Violation of FEHA, Gov. Code, § 12940(h), and Public Policy

### (Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON FRANCHISOR SPV LLC, FOCUS BRANDS, LLC and DOES 1 - 100)

79.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

80.     Government Code section 12940(h) provides that it is an unlawful employment practice "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

81.     Plaintiff engaged in a protected activity when he repeatedly complained to his supervisor and FOCUS BRAND's general counsel and Human Resources on more than one occasion about the discrimination and harassment he was subjected to on the basis of his race. Plaintiff also complained of the retaliation he was subjected to. Rather than take any action, Defendant further retaliated against Plaintiff by repeatedly ignored his complaints and ultimately terminated his employment.

82.     Said retaliation was in violation of public policy.

83.     As a direct and legal result of Defendant's discrimination and retaliatory actions against Plaintiff for his protected activity herein referenced, Plaintiff has suffered and continues to suffer general and special damages, in an amount according to proof.

84.     As a further proximate result of Defendant willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

85.    Defendant committed the aforementioned acts against Plaintiff herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

### FIFTH CAUSE OF ACTION

### WHISTLE BLOWER RETALIATION

### IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

### (Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON FRANCHISOR SPV LLC, FOCUS BRANDS, LLC and DOES 1 - 100)

86.    As a separate and distinct cause of action, Plaintiff complains and re-alleges paragraphs 1 through 85, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

87.    "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." (Lab. Code, § 1102.5(b))

88.    "In addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section." (Lab. Code, § 1102.5(f))

89.     Defendant retaliated against Plaintiff when Plaintiff complained about the harassment and discrimination that he was subjected to by his supervisor.

90.     By virtue of the foregoing, Defendant retaliated against Plaintiff for disclosing what Plaintiff reasonably believed were violations of federal and state laws to his supervisors by terminating Plaintiff's employment in violation of Labor Code section 1102.5.

91.     As a result of the actions of Defendant, Plaintiff has been injured and has suffered damages as follows: he has lost compensation and other employment-related benefits to which he has been entitled and will lose such compensation and benefits in the future; he has suffered from emotional distress, embarrassment and humiliation, and has suffered damage to his professional reputation and standing.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### In Violation of Public Policy

### (Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON FRANCHISOR SPV LLC，FOCUS BRANDS, LLC and DOES 1 - 100)

4.     Plaintiff incorporates by reference and re-alleges paragraphs 1-76 above, as though fully set forth herein.

5.     Article 1, Section 8 of the California Constitution provides "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, disability, or national or ethnic origin."

6.     The principles governing a cause of action for wrongful termination in contravention of public policy are well-established: An employee is entitled to maintain an action in tort "where an employer's discharge of [the] employee contravenes the dictates of fundamental public policy. (*Rojo v. Kliger* (1990) 52 Cal.3d 65, 89).

7.     Race, disability and FMLA discrimination are all forms of discrimination under Article I, section 8 of the California Constitution is contrary to public policy and actionable as a separate tort under California law. (*Badih v. Myers*(1995) 36 Cal.App.4th 1289, 1296).

WHEREFORE, Plaintiff requests relief as hereafter provided.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

92.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

93.     Plaintiff is informed and believes and thereon alleges that Defendant, conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act.  The unlawful harassment, retaliation, and conduct towards Plaintiff, due to its improper motivations and surrounding circumstances constitute extreme and outrageous conduct by the Defendant, and each of them.

94.     Through the outrageous conduct described above, Defendant acted with the intent to cause, and with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

95.     At all relevant times, Defendant had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

96.     As a direct and proximate result of Defendant's willful, knowing and intentional acts, and Defendant's failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish.  Plaintiff has suffered and will continue to suffer a loss of earnings, and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

97.     The acts of Defendant, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against Defendant, and each of them.

98.     Plaintiff believes and is informed and thereon alleges that he was harassed and discriminated in his employment because of engagement in protected activities detailed above. Plaintiff believed that his engagement in protected activities were substantial factors in Defendant's adverse decision in terminating his employment.

99.     The foregoing adverse employment decision was a direct and proximate result of the Plaintiff' engagement in protected activities.

100.    Defendant's conduct above described is in violation of various statutes and the decisional law of this state and country, including but not limited to and California Constitution Article I, Section 8.

101.    As a direct and legal result of Defendant's discrimination and retaliatory actions against Plaintiff, as herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, as well as emotional distress, and attorneys' fees, all in an amount according to proof.

102.    Said termination was wrongful and justifies the imposition of punitive damages since the termination was against public policy. Defendant intentionally discriminated against and harassed Plaintiff on account of his medical condition and complaints of labor code violations, and in doing so, Defendant acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff.  Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendant and each of them, in an amount according to proof.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff further prays for judgment as follows:

1.     For back pay, with prejudgment interest, to the date of judgment herein;

2.     For front pay, for the period from the date of judgment to the date at which Plaintiff actually reaches a position with earnings equivalent to those which he would have received from Defendants had he continued to work for Defendants and been compensated by Defendants as required;

3.      For award of compensatory, consequential, and special damages in amount according to proof at trial;

4.      For statutory penalties;

5.      For an award of exemplary damages for the purpose of punishing Defendants and deterring its unlawful conduct in the future;

6.      For a permanent injunction enjoining the Defendants from violating the relevant provisions of the Labor Code and Industrial Welfare Commission Orders as well as various federal law as may be applicable;

7.      For interest on all sums awarded;

8.      For reimbursement of the costs, including attorney fees, as afforded under applicable law, including pursuant to Government Code sections 12965, 8547.10 and other applicable laws, including but not limited to Code Civ. Proc., §§ 998, 1021.1 and 1021.5, and for a contingency fee enhancement beyond the lodestar in accordance with *Ketchum v. Moses*, 24 Cal. 4th 1122, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001), and related authorities; and

9.      For such further relief as is appropriate in the interest of justice;

10.     A declaration of the rights and interests of the parties.

DATED: November 4, 2022

Respectfully submitted,
KOUL LAW FIRM

_____
By: Nazo Koulloukian, Esq.
Christine Harmandayan. Esq.
KOUL LAW FIRM
Attorneys for Plaintiff,
MARK HONG

## **JURY TRIAL DEMANDED**

Plaintiff demands trial by jury of all issues so triable.

DATED: November 4, 2022

Respectfully submitted,
KOUL LAW FIRM

By: Nazo Koulloukian, Esq.
Christine Harmandayan, Esq.
KOUL LAW FIRM
Attorneys for Plaintiff,
MARK HONG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# <u>EXHIBIT A</u>

27
28



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                            KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 4, 2022


NAZO L KOULLOUKIAN
3435 Wilshire Blvd, Ste. 1710
Los Angeles, CA 90010

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202211-18799004
       Right to Sue: HONG / CINNABON FRANCHISOR SPV LLC et al.

Dear NAZO L KOULLOUKIAN:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 4, 2022

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202211-18799004
Right to Sue: HONG / CINNABON FRANCHISOR SPV LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 4, 2022

MARK HONG
3435 Wilshire Blvd., Ste. 1710
Los Angeles, CA 90010

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202211-18799004
       Right to Sue: HONG / CINNABON FRANCHISOR SPV LLC et al.

Dear MARK HONG:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective November 4, 2022 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
CRD's Small Employer Family Leave Mediation Pilot Program by emailing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

MARK HONG                                              CRD No. 202211-18799004

                              Complainant,

vs.

CINNABON FRANCHISOR SPV LLC
5620 GLENRIDGE DRIVE NE
ATLANTA, GA 30342

AUNTIE ANNE'S FRANCHISOR SPV LLC
48-50 CHESTNUT STREET, SUITE 200
LANCASTER, PA 17603

FOCUS BRANDS, LLC
5620 GLENRIDGE DRIVE NE
ATLANTA, GA 30342, GA 30342

                              Respondents

---

**1.** Respondent **CINNABON FRANCHISOR SPV LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **AUNTIE ANNE'S FRANCHISOR SPV LLC** business as Co-Respondent(s).
Complainant is naming **FOCUS BRANDS, LLC** business as Co-Respondent(s).

**3**. Complainant **MARK HONG**, resides in the City of **Los Angeles,** State of **CA.**

**4.** Complainant alleges that on or about **February 28, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, national origin (includes language restrictions), color, other.

Date Filed: November 4, 2022

CRD-ENF 80 RS (Revised 10/22)

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions), color, other and as a result of the discrimination was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments.

**Additional Complaint Details:** Plaintiff was harassed, discriminated, and retaliated against and thereafter terminated from his employment.

-2-
*Complaint – CRD No. 202211-18799004*

Date Filed: November 4, 2022

CRD-ENF 80 RS (Revised 10/22)

VERIFICATION

I, **Nazo L. Koulloukian**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On November 4, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-3-

*Complaint – CRD No. 202211-18799004*

Date Filed: November 4, 2022

CRD-ENF 80 RS (Revised 10/22)

# EXHIBIT B

# EXHIBIT B

22STCV35355

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AUNTIE ANNE'S FRANCHISOR SPV LLC , a Delaware Limited Liability Company;
CINNABON FRANCHISOR SPV LLC , a Delaware Limited Liability Company; FOCUS
BRANDS, LLC, a Limited Liability Company; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK HONG, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of Los Angeles
111 N. Hill Street, Los Angeles, CA 90012

*CASE NUMBER:*
*(Número del Caso):*

22STCV35355

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nazo Koulloukian, SBN 263809, 3435 Wilshire Blvd., Ste. 1710, Los Angeles, CA 90010, Tel:(213) 761-5484

Sherri R. Carter Executive Officer / Clerk of Court

DATE:               Clerk, by                                   , Deputy
*(Fecha)*  11/04/2022  *(Secretario)*  S. Ruiz  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT C

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 11/04/2022 05:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz, Deputy Clerk

Case 2:22-cv-08998-MCS-MRW    Document 1-355    Filed 12/12/22    Page 47 of 72    Page ID #:47

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nazo Koulloukian, SBN 263809; Christine Harmandayan, SBN 320999<br>KOUL LAW FIRM<br>3435 Wilshire Blvd., Suite 1710<br>Los Angeles, CA 90010<br>TELEPHONE NO.: (213) 761-5484    FAX NO.: (818) 561-3938<br>ATTORNEY FOR *(Name):* Plaintiff, MARK HONG | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Hong v. Auntie Anne's Franchisor SPV LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22STCV35355 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 4, 2022
Nazo Koulloukian
_____
(TYPE OR PRINT NAME)                    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: Hong v. Auntie Anne's Franchisor SPV LLC, et al. | CASE NUMBER 22STCV35355 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Hong v. Auntie Anne's Franchisor SPV LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Hong v. Auntie Anne's Franchisor SPV LLC, et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Hong v. Auntie Anne's Franchisor SPV LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>8447 Wilshire Blvd. Suite 202 |
|---|---|
| CITY:<br>Beverly Hills | STATE: CA | ZIP CODE: 90211 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _November 4, 2022_

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT D

# EXHIBIT D

Electronically FILED by Superior Court of California, County of Los Angeles on 11/7/2022 05:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:22-cv-08998-MCS-MRW    Document 1    Filed 12/12/22    Page 54 of 72    Page ID #:54

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Koul Law Firm<br>Nazo Koulloukian, Esq. SBN 263809<br>3435 Wilshire Blvd. Suite 1710<br>Los Angeles, CA 90010<br>    TELEPHONE NO:  213-761-5484       FAX NO *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
  STREET ADDRESS:  111 N. Hill St.
  MAILING ADDRESS:
  CITY AND ZIP CODE:  Los Angeles, 90012
  BRANCH NAME:  Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse

| PLAINTIFF / PETITIONER:  Mark Hong, an individual<br>DEFENDANT / RESPONDENT:  Auntie Anne's Franchisor SPV LLC, a Delaware Limited Liability Company, et al. | CASE NUMBER:<br>22STCV35355 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>7927683 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X]  Summons
   b. [X]  Complaint
   c. [X]  Alternative Dispute Resolution (ADR) Package
   d. [X]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  Cross-Complaint
   f. [X]  Other *(specify documents)*:  Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; First Amended General Order re Mandatory Electronic Filing for Civil; Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days when Parties Agree to Early Organizational Meeting Stipulation; Voluntary Efficient Litigation Stipulations

3. a.  Party served *(specify name of party as shown on documents served)*:
   Auntie Anne's Franchisor SPV LLC, a Delaware Limited Liability Company
   b. [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Nicole Stauss, Client Service Representative - Authorized to Accept on behalf of Corporation Services Company which will do business in California as CSC - Lawyers Incorporating Service - Agent for Service

4. Address where the party was served:
   2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  Thu, Nov 10 2022      (2) at *(time)*:  03:32 PM
   b. [ ]  **by substituted service.** On *(date)*:                 at *(time)*:                                I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

       (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
       (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
       (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
       (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
           from *(city)*:                                                                    or [ ]  a declaration of mailing is attached.
       (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use                      **PROOF OF SERVICE OF SUMMONS**                       Page 1 of 2
Judicial Council of California                                                            Code of Civil Procedure, § 417.10
POS-010 [Rev. January 1, 2007]

| PLAINTIFF / PETITIONER: Mark Hong, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Auntie Anne's Franchisor SPV LLC, a Delaware Limited Liability Company, et al. | 22STCV35355 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:             (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)*:

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify)*:  Auntie Anne's Franchisor SPV LLC, a Delaware Limited Liability Company

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☒ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)

    ☐ other:

7. **Person who served papers**

  a. Name:          Krystalyn Souza

  b. Address:       4651 Brookhollow Cir. Ste. C, Riverside, CA 92509

  c. Telephone number:  951-353-8281

  d. **The fee** for service was:  $170.25

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner  ☐ employee  ☒ independent contractor

      (ii) Registration No: PS047

      (iii) County: Yuba

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  11/14/2022

Krystalyn Souza

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____

(SIGNATURE)

Electronically FILED by Superior Court of California, County of Los Angeles on 11/17/2022 05:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Ranganiban Deputy Clerk

Case 2:22-cv-08998-MCS-MRW   Document 1   Filed 12/12/22   Page 56 of 72   Page ID #:56

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Koul Law Firm<br>Nazo Koulloukian, Esq. SBN 263809<br>3435 Wilshire Blvd. Suite 1710<br>Los Angeles, CA 90010<br>    TELEPHONE NO: 213-761-5484         FAX NO *(Optional)*:<br><br>ATTORNEY FOR *(Name)*:  Plaintiff | |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles<br>  STREET ADDRESS:  111 N. Hill St.<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:  Los Angeles, 90012<br>  BRANCH NAME:  Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse | |

| PLAINTIFF / PETITIONER:   Mark Hong, an individual<br>DEFENDANT / RESPONDENT:   Auntie Anne's Franchisor SPV LLC, a Delaware Limited Liability Company, et al. | CASE NUMBER:<br>22STCV35355 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>7927690 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒  Summons
   b. ☒  Complaint
   c. ☐  Alternative Dispute Resolution (ADR) Package
   d. ☒  Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐  Cross-Complaint
   f. ☒  Other *(specify documents)*:   Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; First Amended General Order re Mandatory Electronic Filing for Civil; Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days when Parties Agree to Early Organizational Meeting Stipulation; Voluntary Efficient Litigation Stipulations

3. a. Party served *(specify name of party as shown on documents served)*:
      Focus Brands, LLC, a Limited Liability Company
   b. ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Nicole Stauss, Client Service Representative - Authorized to Accept on behalf of Corporation Services Company which will do business in California as CSC - Lawyers Incorporating Service - Agent for Service

4. Address where the party was served:
   2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833

5. I served the party *(check proper box)*
   a. ☐  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
   b. ☒  **by substituted service.** On *(date)*:  Thu, Nov 10 2022          at *(time)*:   03:32 PM       I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Nicole Stauss, Client Service Representative - Authorized to Accept on behalf of Corporation Services Company which will do business in California as CSC - Lawyers Incorporating Service - Agent for Service
      (1) ☒  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                                          or ☒  a declaration of mailing is attached.
      (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF / PETITIONER: Mark Hong, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Auntie Anne's Franchisor SPV LLC, a Delaware Limited Liability Company, et al. | 22STCV35355 |

5.　c.　☐　**by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)　on *(date):*　　　　　　　　　　　　　　(2)　from *(city):*

    (3)　☐　with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)　☐　to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.　☐　**by other means** *(specify means of service and authorizing code section):*

    ☐　Additional page describing service is attached.

6.　The "Notice to the Person Served" (on the summons) was completed as follows:

  a.　☐　as an individual defendant.

  b.　☐　as the person sued under the fictitious name of *(specify):*

  c.　☐　as occupant.

  d.　☒　On behalf of *(specify):*　Focus Brands, LLC, a Limited Liability Company
under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☐ 416.10 (corporation) | ☒ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.　**Person who served papers**

  a.　Name:　　　　　　　Krystalyn Souza

  b.　Address:　　　　　4651 Brookhollow Circle, Ste. C, Riverside, CA 92509

  c.　Telephone number:　951-353-8281

  d.　**The fee** for service was:　$114.20

  e.　I am:

    (1)　☐　not a registered California process server.

    (2)　☐　exempt from registration under Business and Professions Code section 22350(b).

    (3)　☒　a registered California process server:

      (i)　☐ owner　☐ employee　☒ independent contractor

      (ii)　Registration No: PS047

      (iii)　County: Yuba

8.　☒　**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    or

9.　☐　**I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:　11/14/2022

Krystalyn Souza
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

MC-031

| PLAINTIFF / PETITIONER: Mark Hong, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Auntie Anne's Franchisor SPV LLC, a Delaware Limited Liability Company, et al. | 22STCV35355 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; First Amended General Order re Mandatory Electronic Filing for Civil; Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days when Parties Agree to Early Organizational Meeting Stipulation; Voluntary Efficient Litigation Stipulations; Alternative Dispute Resolution Information Package

3. By placing a true copy of each document in United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

a. Date of Mailing:       Mon, Nov 14 2022
b. Place of Mailing:     Riverside, CA 92509
c. Addressed as Follows: Focus Brands, LLC, a Limited Liability Company
    c/o Nicole Stauss, Client Service Representative - Authorized to Accept on behalf of Corporation Services Company
    which will do business in California as CSC - Lawyers Incorporating Service
    2710 Gateway Oaks Dr. Ste. 150N
    Sacramento, CA 95833

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service

5. Person who mail served papers
   a. Name:          Glenn Grainger
   b. Address:       4651 Brookhollow Circle, Ste. C, Riverside, CA 92509
   c. Telephone number:  951-353-8281
   d. I am:
      (1) [ ]   not a registered California process server.
      (2) [X]  exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ]   a registered California process server:
          (i) [ ] owner [ ] employee [ ] independent contractor
          (ii)   Registration No:
          (iii)  County:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   11/14/2022

Glenn Grainger
_____
(TYPE OR PRINT NAME)                                      _____
                                                                                      (SIGNATURE OF DECLARANT)

[ ] Attorney for    [ ] Plaintiff    [ ] Petitioner    [ ] Defendant
[ ] Respondent    [ ] Other (Specify):

Electronically FILED by Superior Court of California, County of Los Angeles on 11/17/2022 05:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Case 2:22-cv-08998-MCS-MRW    Document 1    Filed 12/12/22    Page 59 of 72    Page ID
#:59

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Koul Law Firm<br>Nazo Koulloukian, Esq. SBN 263809<br>3435 Wilshire Blvd. Suite 1710<br>Los Angeles, CA 90010<br>  TELEPHONE NO: 213-761-5484          FAX NO *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
   STREET ADDRESS:  111 N. Hill St.
   MAILING ADDRESS:
   CITY AND ZIP CODE:  Los Angeles, 90012
   BRANCH NAME:  Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse

| PLAINTIFF / PETITIONER:  Mark Hong, an individual<br>DEFENDANT / RESPONDENT:  Auntie Anne's Franchisor SPV LLC, a Delaware Limited Liability Company,<br>et al. | CASE NUMBER:<br>22STCV35355 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>7927686 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X]  Summons
    b.  [X]  Complaint
    c.  [X]  Alternative Dispute Resolution (ADR) Package
    d.  [X]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ]  Cross-Complaint
    f.  [X]  Other *(specify documents)*:  Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; First Amended General Order re Mandatory Electronic Filing for Civil; Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days when Parties Agree to Early Organizational Meeting Stipulation; Voluntary Efficient Litigation Stipulations
3.  a.  Party served *(specify name of party as shown on documents served)*:
        Cinnabon Franchisor SPV LLC, a Delaware Limited Liability Company
    b.  [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        Nicole Stauss, Client Service Representative - Authorized to Accept on behalf of Corporation Services Company which will do business in California as CSC - Lawyers Incorporating Service - Agent for Service
4.  Address where the party was served:
    2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833
5.  I served the party *(check proper box)*
    a.  [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  Thu, Nov 10 2022        (2) at *(time)*:   03:32 PM
    b.  [ ]  **by substituted service.** On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                    from *(city)*:                    or [ ] a declaration of mailing is attached.
        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: Mark Hong, an individual | CASE NUMBER: |
| DEFENDANT / RESPONDENT: Auntie Anne's Franchisor SPV LLC, a Delaware Limited Liability Company, et al. | 22STCV35355 |

5.  c.  [  ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1)  on *(date):*                              (2)   from *(city):*
   (3)  [  ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4)  [  ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  [  ]  **by other means** *(specify means of service and authorizing code section):*

   [  ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [  ]  as an individual defendant.
   b.  [  ]  as the person sued under the fictitious name of *(specify):*
   c.  [  ]  as occupant.
   d.  [X]  On behalf of *(specify):*   Cinnabon Franchisor SPV LLC, a Delaware Limited Liability Company
         under the following Code of Civil Procedure section:
   [  ] 416.10 (corporation)                          [  ] 415.95 (business organization, form unknown)
   [  ] 416.20 (defunct corporation)                  [  ] 416.60 (minor)
   [  ] 416.30 (joint stock company/association)      [  ] 416.70 (ward or conservatee)
   [X] 416.40 (association or partnership)            [  ] 416.90 (authorized person)
   [  ] 416.50 (public entity)                        [  ] 415.46 (occupant)
   [  ] other:

7.  **Person who served papers**
   a.  Name:              Krystalyn Souza
   b.  Address:           4651 Brookhollow Cir. Ste. C, Riverside, CA 92509
   c.  Telephone number:  951-353-8281
   d.  **The fee for service was:**  $70.30
   e.  I am:
      (1)  [  ]  not a registered California process server.
      (2)  [  ]  exempt from registration under Business and Professions Code section 22350(b).
      (3)  [X]  a registered California process server:
         (i)   [  ] owner   [  ] employee   [X] independent contractor
         (ii)  Registration No:  PS047
         (iii) County:  Yuba

8.  [X]  **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**
   or
9.  [  ]  **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date:  11/14/2022

Krystalyn Souza
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

# EXHIBIT E

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/14/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By:    D. Ortiz    Deputy |

PLAINTIFF:
Mark Hong

DEFENDANT:
Auntie Anne's Franchisor SPV LLC, et al.

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22STCV35355 |
|---|---|

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 03/10/2023 | Time: 8:30 AM | Dept.: 49 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  11/14/2022

_____
Randolph M. Hammock / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Nazo Koulloukian
3435 Wilshire Blvd.
Suite 1710
Los Angeles, CA 90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  11/14/2022

By  D. Ortiz
_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

# EXHIBIT F

# EXHIBIT F

1  Alden J. Parker (SBN 196808)
   E-Mail: aparker@fisherphillips.com
2  William Okamoto (SBN 342147)
   E-Mail: wokamoto@fisherphillips.com
3  FISHER & PHILLIPS LLP
   621 Capitol Mall, Suite 1400
4  Sacramento, California 95814
   Telephone: (916) 210-0400
5  Facsimile: (916) 210-0401

6  Attorneys for Defendants
   AUNTIE ANNE'S FRANCHISOR SPV, LLC,
7  CINNABON FRANCHISOR SPV LLC, and FOCUS BRANDS,
   LLC

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

11

12  MARK HONG,                          CASE NO.:  22STCV35355
                                        *[Unlimited Jurisdiction]*
13              Plaintiff,
                                        *Assigned for all purposes to the*
14        v.                            *Honorable Hon. Randolph M. Hammock, Dept. 49*

15  AUNTIE ANNE'S FRANCHISOR SPV LLC, a  **DEFENDANTS' ANSWER AND**
    Delaware Limited Liability Company;  **AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
16  CINNABON FRANCHISOR SPV LLC, a       **COMPLAINT**
    Delaware Limited Liability Company; FOCUS
17  BRANDS, LLC, a Limited Liability Company;
    and DOES 1 through 100,              DATE:            March 10, 2023
18                                       TIME:            8:30 a.m.
                Defendants.              DEPARTMENT:      49
19
                                        Complaint Filed: November 4, 2022
20                                       Trial Date:      Not Yet Set

21

22

23

24

25

26

27

28

Defendants, AUNTIE ANNE'S FRANCHISOR SPV LLC; CINNABON FRANCHISOR SPV LLC; and FOCUS BRANDS, LLC., ("Defendants") hereby answers Plaintiff MARK HONG's ("Plaintiff") unverified Complaint for Damages, without waiving their right to remove this case to federal court, as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil of Procedure § 431.30(d), Defendants generally deny each and every allegation and cause of action in Plaintiff's Complaint. In addition, Defendants deny that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

2.    Defendants allege the alleged acts of the Doe Defendant of which Plaintiff complains were all undertaken outside the scope of their agency and/or contractual relationship, if any, with Defendants and without the knowledge or consent of Defendants, and Defendants may not be held liable for such acts.

## THIRD AFFIRMATIVE DEFENSE

3.    Defendants allege Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to: California Code of Civil Procedure sections 335.1, 337, 338(a), 339, 340(a), and 343, California Labor Code section 203, California Business & Professions Code sections 16750.1 and 17208, and any other applicable state or federal laws.

## FOURTH AFFIRMATIVE DEFENSE

4.    Defendants allege Plaintiff, by reason of his knowledge, statements and conduct, is

1

estopped to complain of any act or omission on the part of any Defendants, if any there were.

### FIFTH AFFIRMATIVE DEFENSE

5.      By his conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein and as such, Defendants allege Plaintiff's Complaint, and each cause of action contained therein, is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Defendants allege Plaintiff's complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Defendants allege Plaintiff's claims are subject to binding arbitration pursuant to the agreement of the parties.

### NINTH AFFIRMATIVE DEFENSE

9.      Defendants allege Plaintiff comes to this Court with unclean hands, and is, therefore, barred from recovery under this Complaint, or any cause of action thereof.

### TENTH AFFIRMATIVE DEFENSE

10.      Defendants is informed and believes and thereon allege that the Complaint, and each purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff's claims are barred because any and all actions taken by Defendants with respect to Plaintiff were taken in good faith for legitimate, non-discriminatory reasons and were job related for the position in question and consistent with business necessity.

### TWELFTH AFFIRMATIVE DEFENSE

12.      Any recovery on Plaintiff's Complaint and each purported cause of action alleged therein

2

FP 45751331.1

must be barred or reduced to the extent that Plaintiff did not exercise reasonable care and failed to take advantage of, and exhaust, the preventive or corrective opportunities provided by Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendants have exercised reasonable care to prevent and promptly correct any acts of discrimination, harassment and retaliation.  Specifically, Defendants maintains and enforces policies prohibiting discrimination, harassment and retaliation of and against its employees.  These policies encourage employees to come forward with complaints of harassment, discrimination and retaliation and provides for discipline (including termination) of any employee (including supervisors) found to have violated Defendants' policy prohibiting discrimination, harassment and retaliation.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendants is relieved of any liability whatsoever as to Plaintiff's Causes of Action because any unlawful conduct alleged against its current and/or former employees occurred outside the course and scope of their employment.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Even if there was discrimination and/or retaliation against Plaintiff (which Defendants denies), Plaintiff would have been terminated anyway.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claim for unlawful harassment is barred and/or recovery is precluded because Defendants exercised reasonable care to prevent and promptly correct any alleged harassing behavior.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are barred because their perception of conduct alleged to constitute harassment was not reasonable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims are barred because alleged incidents of harassment were not sufficiently severe or pervasive so as to alter the terms and conditions of Plaintiffs' employment and create an abusive work environment.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's reasonable use of Defendants' procedures to prevent and/or correct the

3

FP 45751331.1

allegedly harassing behavior would have prevented all or some of the alleged harm he claims to have suffered.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's claims are barred because, to the extent that any actions of Defendants could be construed as unlawful discrimination or retaliation (which Defendants deny), Defendants took immediate and appropriate corrective action to remedy and stop such conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Defendants allege Plaintiff frustrated and prevented Defendants from thoroughly investigating any allegations of unlawful retaliation by failing or refusing to report his allegations to Defendants in a timely manner, notwithstanding the opportunity for his to do so without fear of retaliation.  Therefore, any alleged failure by Defendants to take remedial or disciplinary measures resulted entirely from Plaintiff's frustration of Defendants' ability to remedy any alleged unlawful retaliation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiff's claims are barred because any and all actions taken by Defendants with respect to Plaintiff were taken in good faith for legitimate, non-retaliatory reasons and were job related for the position in question and consistent with business necessity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff's Complaint, and each and every purported cause of action thereof, is barred in that Defendants' actions were a just and proper exercise of management discretion, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred because Defendants did not perform any of the alleged actions with the intent to retaliate against Plaintiff for his performance of any protected action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims are barred because, to the extent that any actions of Defendants could be construed as unlawful discrimination or retaliation (which Defendants deny), Defendants took immediate and appropriate corrective action to remedy and stop such conduct.

4

FP 45751331.1

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Defendants allege Plaintiff's claims for wrongful termination in violation of public policy are barred in that Defendants' actions did not violate a public policy or statute of the State of California.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Defendants allege Plaintiff's claims are barred because Plaintiff's term of employment was terminable at will, with or without cause, pursuant to California Labor Code section 2922.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Defendants allege Plaintiff's claims for wrongful termination in violation of public policy are barred in that Defendants did not intentionally create or knowingly permit working conditions so intolerable or that a reasonable person in Plaintiff's position would have no reasonable alternative except to resign.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Defendants allege Plaintiff's claims for wrongful termination in violation of public policy are barred in that Plaintiff voluntarily resigned from their employment with Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE

30.     Defendants allege the Complaint, and each purported cause of action alleged therein, fails to state a Cause or Causes of Action for punitive damages against Defendants because any alleged discriminatory or retaliatory conduct by Defendants' employees (which Defendants deny) was contrary to Defendants' anti-discrimination and anti-retaliation policies, which Defendants implemented in good faith and fairly and adequately enforced.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff's claim for intentional infliction of emotional distress is barred in whole or in part because any and all actions taken by Defendants does not arise to the level of severe or outrageous.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Defendants allege the Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for punitive damages against Defendants under California Civil Code sections 3294 and 3295.

/ / /

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

FP 45751331.1

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Defendants allege Defendants is informed and believe and thereon allege that Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Although Defendants maintains that Plaintiff cannot establish any claim for restitution or other damages, should Defendants be found liable for any amount of restitution or damages, Defendants maintains that such amounts are barred legally, or subject to an equitable offset, due to damages suffered by Defendants which were caused by wrongful conduct of Plaintiff.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Defendants allege the Complaint, and each and purported cause of action alleged therein, fails to state a Cause or Causes of Action for attorneys' fees against Defendants.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Defendants allege any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Defendants allege if Plaintiff have received, or in the future receive, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of plaintiff.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     Defendants allege to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     Defendants allege Plaintiff is not entitled to recover punitive or exemplary damages from

6

1   Defendants on the grounds that any award of punitive or exemplary damages would violate Defendants'

2   Constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the

3   United States Constitution.

4                                   **PRAYER FOR RELIEF**

5          WHEREFORE, this answering Defendant prays as follows:

6          40.    That Plaintiff take nothing by his complaint for damages;

7          41.    That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

8          42.    That Defendants recover its costs of suit herein, including its reasonable attorneys' fees;

9   and

10         43.    That the court award such other and further relief as it deems appropriate.

11  DATE:  December 12, 2022              FISHER & PHILLIPS LLP

12

13

14                                By: _____

15                                      Alden J. Parker
                                        William Okamoto
16
                                        Attorneys for Defendants
                                        DEFENDANTS AUNTIE ANNE'S FRANCHISOR
17                                      SPV LLC; CINNABON FRANCHISOR SPV LLC;
                                        and FOCUS BRANDS, LLC

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

FP 45751331.1

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Sacramento with the law offices of Fisher & Phillips LLP and its business address is 621 Capitol Mall, Suite 1400, Sacramento, California 95814.

On December 12, 2022, I served the foregoing document(s): **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on the person(s) listed below as follows:

Nazo Koullaoukian, Esq.
Christine Harmandan, Esq.
Koul Law Firm
3435 Whilshire Blvd., Suite 1710
Los Angeles, California 90010
nazo@koullaw.com
christine@koullaw.com

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Sacramento, California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (916) 210-0401. The machine printed a record of the transmission, and no error was reported by the machine.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed December 12, 2022, at Sacramento, California.

| Desiree Herrera | By: | *Desiree Herrera* |
|---|---|---|
| Print Name | | Signature |

1

PROOF OF SERVICE

FP 45751331.1