Electronically FILED by Superior Court of California, County of Los Angeles on 11/04/2022 05:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk
Case 2:22-cv-08998-MCS-MRW Document 1-3 Filed 12/12/22 Page 1 of 28 Page ID #:73
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Randolph Hammock

Nazo Koulloukian, Esq. (SBN 263809)
*nazo@koullaw.com*
Christine Harmandayan, Esq. (SBN 320999)
*christine@koullaw.com*
**KOUL LAW FIRM**
3435 Wilshire Blvd., Suite 1710
Los Angeles CA 90010
Phone: (213) 761-5484
Fax:     (818) 561-3938

Attorneys for Plaintiff,
MARK HONG

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES- CENTRAL DISTRICT

| | |
|---|---|
| MARK HONG, an individual, )<br><br>                     Plaintiff, )<br><br>vs. )<br><br>AUNTIE ANNE'S FRANCHISOR SPV )<br>LLC , *a Delaware Limited Liability Company;*<br>CINNABON FRANCHISOR SPV LLC , *a*<br>*Delaware Limited Liability Company;*<br>FOCUS BRANDS, LLC, *a Limited Liability*<br>*Company;* and DOES 1 through 100,<br>inclusive, )<br><br>                     Defendants. )<br>_____ ) | Case No.: 22STCV35355<br><br>(UNLIMITED CIVIL ACTION)<br>(DEMAND EXCEEDS $25,000)<br><br><br>**PLAINTIFF MARK HONG'S**<br>**COMPLAINT FOR DAMAGES AND**<br>**OTHER RELIEF;**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff MARK HONG, through his counsel of record, Koul Law Firm, and files this Complaint seeking damages and other relief for violations of California law and as grounds for his action, Plaintiff alleges as follows:

### **INTRODUCTION**

1.      This is an action brought by the Plaintiff, MARK HONG (hereinafter referred to as "Plaintiff") pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON

FRANCHISOR SPV LLC, and FOCUS BRANDS, LLC (collectively hereinafter referred to as "FOCUS BRANDS"), a company that is operating and doing business within the state of California.

2.     Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary and other relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action, and this Court has personal jurisdiction over the Defendants by virtue of Defendants transacting, doing, and soliciting business in the county of Los Angeles, and because the Defendant's conduct that harmed Plaintiff occurred within this county.

## PARTIES

4.     At all times herein mentioned, Plaintiff is and was a resident of Los Angeles County.

5.     At all times herein mentioned, Plaintiff was an employee of Defendant FOCUS BRANDS.

6.     Prior to filing this complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed a complaint with the California Department of Fair Employment and Housing (hereinafter "DFEH") and has received the Right to Sue Letter from the DFEH. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action.

7.     Defendant FOCUS BRANDS is and, at all times herein mentioned, has been a business with the capacity to sue and to be sued, and doing business throughout the state of California, with a principal place of business in California, with 5 (five) of more employees.

8.     Plaintiff is unaware of the names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that these defendants proximately caused Plaintiff's damages.

9.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants was the alter ego, joint venturer, co-employer, joint employer, agent, and/or employee of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment. Defendant FOCUS BRANDS is vicariously liable and strictly liable for the acts and/or omissions of any owner, supervisor or manager, which were committed within the course and scope of his or her employment.

10.     Plaintiff is informed and believes and thereon alleges that each defendant and its agents, employees, and/or representatives as may be identified hereinafter and in the discovery phase of this case, knowingly and purposefully conspired to, and agreed between themselves, to the acts herein alleged.  Each defendant also conspired, aided, encouraged, ratified, and adopted the acts of each other.

11.     Plaintiff is informed and believes and thereon alleges that a defendant may have committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff will seek leave of court to amend this Complaint when Plaintiff discovers these other acts and/or omissions.

12.     Defendant FOCUS BRANDS and its agents herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13.     Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed a complaint with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH"), and on October 28, 2022 received Right to Sue Letters from the DFEH.  Plaintiff has therefore

1    substantially complied with all requirements for the filing of this Complaint and has exhausted

2    his administrative remedies prior to filing, commencing, and serving the within action.  A copy

3    of Plaintiff's FEHA complaint to the Department along with the Department's response is

4    attached hereto as Exhibit "A."

5                                    **FACTUAL ALLEGATIONS**

6          14.    Plaintiff commenced employment with Defendant FOCUS BRANDS on or

7    about July 23, 2012. By the time of his termination, Plaintiff was employed as Director of

8    Franchise Development and was earning an annual base salary of $120,000.

9          15.    Plaintiff's duties consisted of identifying franchises in order to expand the

10   company, focusing on the company's business development, and taking charge of the footprint

11   of units.

12         16.    At all relevant times herein, Chris Burdette ("Burdette") was Plaintiff's

13   immediate supervisor and was the Vice President of Sales.

14         17.    At all times herein mentioned, Plaintiff was Asian American. In fact, Plaintiff

15   was the only Asian American and minority in his department.

16         18.    Prior to Burdette taking over as Plaintiff's supervisor, Plaintiff was overall

17   content with his employment with Defendant.

18         19.    In or around July 2021, when Burdette became Plaintiff's supervisor, Burdette

19   began to harass and discriminate against Plaintiff solely on the basis of his race and/or ethnicity.

20         20.    From the very first meeting Plaintiff had with Burdette, Burdette made racially

21   insensitive comments that made Plaintiff feel uncomfortable and distraught.

22         21.    On or about July 22, 2021, Burdette urged Plaintiff and said, "come on man, I

23   thought Asians were supposed to be good at math."

24         22.    Plaintiff was shocked to hear his new immediate supervisor Burdette make such

25   stereotypical and racist comments directed at Plaintiff solely due to his race and/or ethnicity.

26         23.    Shortly after the meeting, Plaintiff and Burdette had a scheduled call on or about

27   July 28, 2021, during which time Burdette instructed Plaintiff to only address issues with him,

28   rather than others in management like Plaintiff had done so in the past.

24.     On or about July 30, 2021, Plaintiff received a call from Burdette during which time Burdette yelled at him by stating, "What the fuck is wrong with you! I told you to stop communicating with [client]! I told you that Brian and Joe will discuss. Are you hard of hearing like you are hard of seeing?"

25.     During the call, Plaintiff asked Burdette what he meant by "hard of hearing like you are hard of seeing?" to which Burdette replied that "it means I made it clear so stop asking questions about it!" To Plaintiff it was clear that Burdette was referring to his Asian eyes.

26.     On or about August 4, 2021, Plaintiff called his supervisor Burdette and upon answering Burdette told Plaintiff "what's up Hong Kong!?"

27.     On or about August 11, 2021, and on or about August 16, 2021, Burdette repeatedly referred to Plaintiff as Hong rather than addressing him by his first name.

28.     On or about August 17, 2021, Burdette called Plaintiff and screamed at him "How in the fuck did you think it was ok to submit [a] deal like that, you fuckin moron! You are embarrassing me and making me look like a fool!"

29.     At that time, Plaintiff protested Burdette actions and told Burdette, "Chris please don't talk to me in that manner." But Burdette ignored his request.

30.     On or about September 14, 2021, Burdette called Plaintiff immediately after a conference call and attacked and yelled at Plaintiff "you let me walk right into this meeting without preparing me for it. I had no idea this deal included his current territory rights. You fucked up real bad, Mark! How could you mess up this bad? You are so fucking stupid."

31.     Once again Plaintiff protested Burdette's harassment and told him "Chris, hold up please don't call me stupid and please don't yell and curse at me" but Burdette's actions never changed and only grew increasingly hostile.

32.     On or about September 16, 2021, Burdette called Plaintiff and tells him in a very irate manner that he "royally Fucked up" and "to shut the fuck up! I don't give a fuck about the deal term sheet! You should have prepared me better and because you didn't, I looked like a stupid asshole! If it was up to me, I'd fire your ass right now. Don't push your luck… If you ever mess up like this again, you're fired."

33.     From that moment on Plaintiff was under the constant threat and intimidation that Burdette would fire him.

34.     On or about September 21, 2021, Burdette called Plaintiff angrily asking him why he had not been on the Monday team calls and whether he thought that he was "fucking special" and exempt from the team calls.

35.     When Plaintiff tried to explain the reason for his absence, Burdette replied, "no you idiot! You need to be on the call. You are not special."

36.     In an attempt to prevent any further harassment by Burdette, Plaintiff complied with Burdette's request.

37.     On or about September 28, 2021, Burdette continued to make racially derogatory comments towards Plaintiff. For example, he asked Plaintiff, "hey Hong, now that we waived the credit check for the Indians are they going to move forward on this deal or what?"

38.     On or about October 19, 2021, Plaintiff received a call from Burdette and immediately started shouting at him, "What the fuck did you say to [our client], you dumb fuck. She's calling … bitching about how you fucked up this deal and were unprofessional to her on the call. How can you fuck up like this again?!"

39.     By then, Plaintiff could no longer tolerate the frequent verbal abuse by Defendant Burdette. As such, Plaintiff told Burdette to check his email and discuss the matter once he was calm.

40.     A few weeks later, on or about November 3, 2021, again Plaintiff confronted Burdette about the harassing conduct Burdette subjected Plaintiff to.

41.     At that time, Burdette stated, "I'm really sick and tired of your complaints and having to constantly clean up your mess and tell you how to do your job. I thought Asians are smarter than this. Send me all your deal updates…" and proceeded to hang up.

42.     Shortly after his complaint, on or about November 11, 2021, Burdette yelled at Plaintiff during a call stating, "Why don't you just shut the fuck up Hong! I'm sick of your shit! If you knew what you were doing you would have had this deal closed a long time ago."

43.     No longer being able to withstand Burdette's unlawful conduct, Plaintiff reported the discrimination and harassment he had been subjected to.

44.     Plaintiff made the reports to FOCUS BRAND'S general counsel, Sarah Powell, and the director of Human Resources in or around December 2021.

45.     At that time, Plaintiff was informed by Sarah Powell that an investigation would be conducted based on Plaintiff's complaints.

46.     Less than two months later, in or around February 2022, Plaintiff was terminated from his employment.

47.     Despite Plaintiff's hostile work environment, as well as the harassment he was subjected to and lack of support from Defendant, Plaintiff was a stellar employee, who performed his job in a professional and diligent manner throughout the entirety of his employment with Defendant.

48.     Plaintiff was a top performer and never had any issues with anyone else.

49.     Defendant acted with the fraudulent, malicious, and oppressive intent to cause Plaintiff harm when it made the adverse decision to wrongfully terminate Plaintiff from his employment.

## FIRST CAUSE OF ACTION

### DISCRIMINATION ON THE BASIS OF RACE

### Violation of FEHA, Gov. Code, § 12940, et seq.

### (Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON FRANCHISOR SPV LLC, FOCUS BRANDS, LLC and DOES 1 - 100)

50.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action

51.     Government Code section 12940(a) provides that it is an unlawful employment practice "[f]or an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or sexual orientation

1  of any person, to refuse to hire or employ the person or to refuse to select the person for a

2  training program leading to employment, or to bar or to discharge the person from employment

3  or from a training program leading to employment, or to discriminate against the person in

4  compensation or in terms, conditions, or privileges of employment."

5       52.    Defendant is a business entity regularly employing at least the minimum number

6  of employees upon which certain legal duties and obligations arise under various laws and

7  statutes, including the FEHA.  At all times herein mentioned, Government Code §12940, et seq.

8  was in full force and effect and was binding on Defendant who was subject to their terms.

9  These sections require Defendant, as an employer, to refrain from discriminating against any

10  employee on the basis of his race.

11       53.    Plaintiff, at all times relevant hereto, was an employee of Defendant.

12       54.    Plaintiff's protected status under the FEHA is Plaintiff's race.  Plaintiff, at all

13  times herein mentioned, was an Asian "employee" as defined by Government Code §12926 et

14  seq. and §12940 et seq.

15       55.    As of commencement of his employment, and at all times herein mentioned,

16  Plaintiff was in all respects qualified for his position.  Plaintiff had performed his job duties

17  competently and diligently throughout his employment with Defendant.

18       56.    Defendant made decisions adverse to Plaintiff with regards to terms, conditions,

19  and privileges of employment, including but not limited to, failing and refusing to take any

20  actions to stop the retaliation Plaintiff was subjected to and terminating Plaintiff in or around

21  February 2022.

22       57.    Plaintiff's race was a motivating factor in Defendant's aforementioned decisions

23  that were adverse to Plaintiff in regards to terms, conditions, and privileges of employment.

24       58.    As a direct, legal, and proximate cause of Plaintiff's race, Defendant

25  discriminated and harassed, and took adverse employment actions, against Plaintiff.

26       59.    Similarly situated non-protected employees were treated more favorably than

27  Plaintiff.

28

60.     Such employment practices are unlawful and discriminatory and in violation of Government Code Section 12940 et seq., and have resulted in damages and injury to Plaintiff, as alleged herein.

61.     As a direct, legal, and proximate result of Defendant's discrimination against Plaintiff on the basis of his race and engagement in protected activities herein mentioned, Plaintiff has been harmed in that Plaintiff has suffered a loss of past or future earnings, the intangible loss of such employment-related opportunities as experience in the position from which Plaintiff was wrongfully terminated, and the enhanced employee benefits and job security provided by Defendant.  As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

62.     As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

63.     Defendant committed the discriminatory acts against Plaintiff herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

64.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees, and hereby requests attorney fees pursuant to Labor Code § 218.5.

///

///

///

///

///

## SECOND CAUSE OF ACTION

### HARASSMENT

### (Violation of FEHA, Gov. Code, § 12940(j), and Public Policy)

### (Against All Defendants)

65.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

66.    California Fair Employment and Housing Act ("FEHA") and the California Constitution, Article 1, §8 prohibit against harassment based on age, gender, disability, race, national origin or ancestry in employment. [Gov. Code, §§12940(a) - (j)]. (Gov. Code, § 12940, et seq.)

67.    At all applicable times mentioned in this Complaint, Defendant FOCUS BRANDS regularly employed persons in the state of California, bringing Defendant FOCUS BRANDS within the provisions of the FEHA which proscribe harassment.  Defendant, and each of them, and DOES 1 through 100 are separately and individually liable under FEHA for harassment.

68.    Plaintiff was regularly harassed by Defendant FOCUS BRANDS' employees, including but not limited to Burdette, as prohibited under FEHA.  This constant harassment was so despicable, severe and pervasive as to materially alter Plaintiff's work environment.

69.    Plaintiff suffered psychologically, emotionally, and physically from being the victim of the harassment committed by FOCUS BRANDS and FOCUS BRANDS' employees, and also due to FOCUS BRANDS' failure to prevent such harassment from occurring.  FOCUS BRANDS' employees, including but not limited to Burdette, are liable for creating a "hostile work environment" by subjecting Plaintiff to constant, severe, and pervasive harassment and intentional torts. FOCUS BRANDS is liable to Plaintiff for the conduct of their employees, managers, supervisors, and owners towards Plaintiff.

70.     As a direct and legal result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.  Furthermore, Plaintiff has also been harmed in that Defendant's unlawful actions as described herein have prevented and will prevent Plaintiff from obtaining pay increases and promotions.  As a result of such unlawful conduct and consequent harm, Plaintiff has suffered damages in an amount according to proof.

71.     As a further proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

72.     Defendants committed the aforementioned acts against Plaintiff herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of each Defendant named herein.

73.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as hereafter provided.

///
///
///
///
///
///
///

**THIRD CAUSE OF ACTION**

**FAILURE TO TAKE ALL STEPS NECESSARY TO STOP DISCRIMINATION**

**AND HARASSMENT FROM OCCURRING**

**(Violation of FEHA, Gov. Code, § 12940(k))**

**(Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON**

**FRANCHISOR SPV LLC，FOCUS BRANDS, LLC and DOES 1 - 100)**

74.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

75.     Defendant failed to take all reasonable steps necessary to prevent the discrimination and harassment of Plaintiff from occurring in violation of Government Code §12940(k).  This includes discriminating and harassing against Plaintiff because of his complaint/ race and or ethnicity and creating a hostile work environment.

76.     As a proximate result/ direct and legal result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

77.     As a proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

78.     Plaintiff has incurred and continues to incur legal expenses and attorney fees, and hereby request attorney fees pursuant to Labor Code § 218.5. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as hereafter provided.

///

///

**FOURTH CAUSE OF ACTION**

**RETALIATION**

**Violation of FEHA, Gov. Code, § 12940(h), and Public Policy**

**(Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON**

**FRANCHISOR SPV LLC**，**FOCUS BRANDS, LLC and DOES 1 - 100)**

79.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

80.     Government Code section 12940(h) provides that it is an unlawful employment practice "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

81.     Plaintiff engaged in a protected activity when he repeatedly complained to his supervisor and FOCUS BRAND's general counsel and Human Resources on more than one occasion about the discrimination and harassment he was subjected to on the basis of his race. Plaintiff also complained of the retaliation he was subjected to. Rather than take any action, Defendant further retaliated against Plaintiff by repeatedly ignored his complaints and ultimately terminated his employment.

82.     Said retaliation was in violation of public policy.

83.     As a direct and legal result of Defendant's discrimination and  retaliatory actions against Plaintiff for his protected activity herein referenced, Plaintiff has suffered and continues to suffer general and special damages, in an amount according to proof.

84.     As a further proximate result of Defendant willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

85.     Defendant committed the aforementioned acts against Plaintiff herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

## FIFTH CAUSE OF ACTION

### WHISTLE BLOWER RETALIATION

### IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

### (Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON FRANCHISOR SPV LLC，FOCUS BRANDS, LLC and DOES 1 - 100)

86.     As a separate and distinct cause of action, Plaintiff complains and re-alleges paragraphs 1 through 85, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

87.     "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." (Lab. Code, § 1102.5(b))

88.     "In addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section." (Lab. Code, § 1102.5(f))

89.     Defendant retaliated against Plaintiff when Plaintiff complained about the harassment and discrimination that he was subjected to by his supervisor.

90.     By virtue of the foregoing, Defendant retaliated against Plaintiff for disclosing what Plaintiff reasonably believed were violations of federal and state laws to his supervisors by terminating Plaintiff's employment in violation of Labor Code section 1102.5.

91.     As a result of the actions of Defendant, Plaintiff has been injured and has suffered damages as follows: he has lost compensation and other employment-related benefits to which he has been entitled and will lose such compensation and benefits in the future; he has suffered from emotional distress, embarrassment and humiliation, and has suffered damage to his professional reputation and standing.

### SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### In Violation of Public Policy

### (Against Defendant AUNTIE ANNE'S FRANCHISOR SPV LLC, CINNABON FRANCHISOR SPV LLC，FOCUS BRANDS, LLC and DOES 1 - 100)

4.     Plaintiff incorporates by reference and re-alleges paragraphs 1-76 above, as though fully set forth herein.

5.     Article 1, Section 8 of the California Constitution provides "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, disability, or national or ethnic origin."

6.     The principles governing a cause of action for wrongful termination in contravention of public policy are well-established: An employee is entitled to maintain an action in tort "where an employer's discharge of [the] employee contravenes the dictates of fundamental public policy. (*Rojo v. Kliger* (1990) 52 Cal.3d 65, 89).

7.     Race, disability and FMLA discrimination are all forms of discrimination under Article I, section 8 of the California Constitution is contrary to public policy and actionable as a separate tort under California law. (*Badih v. Myers*(1995) 36 Cal.App.4th 1289, 1296).

WHEREFORE, Plaintiff requests relief as hereafter provided.

1

2

3

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (Against All Defendants)

92.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

93.    Plaintiff is informed and believes and thereon alleges that Defendant, conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act.  The unlawful harassment, retaliation, and conduct towards Plaintiff, due to its improper motivations and surrounding circumstances constitute extreme and outrageous conduct by the Defendant, and each of them.

94.    Through the outrageous conduct described above, Defendant acted with the intent to cause, and with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

95.    At all relevant times, Defendant had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

96.    As a direct and proximate result of Defendant's willful, knowing and intentional acts, and Defendant's failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish.  Plaintiff has suffered and will continue to suffer a loss of earnings, and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

97.    The acts of Defendant, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against Defendant, and each of them.

98.     Plaintiff believes and is informed and thereon alleges that he was harassed and discriminated in his employment because of engagement in protected activities detailed above. Plaintiff believed that his engagement in protected activities were substantial factors in Defendant's adverse decision in terminating his employment.

99.     The foregoing adverse employment decision was a direct and proximate result of the Plaintiff' engagement in protected activities.

100.    Defendant's conduct above described is in violation of various statutes and the decisional law of this state and country, including but not limited to and California Constitution Article I, Section 8.

101.    As a direct and legal result of Defendant's discrimination and retaliatory actions against Plaintiff, as herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, as well as emotional distress, and attorneys' fees, all in an amount according to proof.

102.    Said termination was wrongful and justifies the imposition of punitive damages since the termination was against public policy. Defendant intentionally discriminated against and harassed Plaintiff on account of his medical condition and complaints of labor code violations, and in doing so, Defendant acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff.  Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendant and each of them, in an amount according to proof.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff further prays for judgment as follows:

1.     For back pay, with prejudgment interest, to the date of judgment herein;

2.     For front pay, for the period from the date of judgment to the date at which Plaintiff actually reaches a position with earnings equivalent to those which he would have received from Defendants had he continued to work for Defendants and been compensated by Defendants as required;

3.      For award of compensatory, consequential, and special damages in amount according to proof at trial;

4.      For statutory penalties;

5.      For an award of exemplary damages for the purpose of punishing Defendants and deterring its unlawful conduct in the future;

6.      For a permanent injunction enjoining the Defendants from violating the relevant provisions of the Labor Code and Industrial Welfare Commission Orders as well as various federal law as may be applicable;

7.      For interest on all sums awarded;

8.      For reimbursement of the costs, including attorney fees, as afforded under applicable law, including pursuant to Government Code sections 12965, 8547.10 and other applicable laws, including but not limited to Code Civ. Proc., §§ 998, 1021.1 and 1021.5, and for a contingency fee enhancement beyond the lodestar in accordance with *Ketchum v. Moses*, 24 Cal. 4th 1122, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001), and related authorities; and

9.      For such further relief as is appropriate in the interest of justice;

10.     A declaration of the rights and interests of the parties.

DATED: November 4, 2022

Respectfully submitted,
KOUL LAW FIRM

By: Nazo Koulloukian, Esq.
Christine Harmandayan. Esq.
KOUL LAW FIRM
Attorneys for Plaintiff,
MARK HONG

## <u>JURY TRIAL DEMANDED</u>

Plaintiff demands trial by jury of all issues so triable.

DATED: November 4, 2022

Respectfully submitted,
KOUL LAW FIRM

By: Nazo Koulloukian, Esq.
Christine Harmandayan, Esq.
KOUL LAW FIRM
Attorneys for Plaintiff,
MARK HONG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# **<u>EXHIBIT A</u>**

27
28

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 4, 2022


NAZO L KOULLOUKIAN
3435 Wilshire Blvd, Ste. 1710
Los Angeles, CA 90010

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202211-18799004
        Right to Sue: HONG / CINNABON FRANCHISOR SPV LLC et al.

Dear NAZO L KOULLOUKIAN:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 4, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202211-18799004
      Right to Sue: HONG / CINNABON FRANCHISOR SPV LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

                                                                                       KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 4, 2022

MARK HONG
3435 Wilshire Blvd., Ste. 1710
Los Angeles, CA 90010

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202211-18799004
      Right to Sue: HONG / CINNABON FRANCHISOR SPV LLC et al.

Dear MARK HONG:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective November 4, 2022 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
CRD's Small Employer Family Leave Mediation Pilot Program by emailing

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

MARK HONG

CRD No. 202211-18799004

Complainant,

vs.

CINNABON FRANCHISOR SPV LLC
5620 GLENRIDGE DRIVE NE
ATLANTA, GA 30342

AUNTIE ANNE'S FRANCHISOR SPV LLC
48-50 CHESTNUT STREET, SUITE 200
LANCASTER, PA 17603

FOCUS BRANDS, LLC
5620 GLENRIDGE DRIVE NE
ATLANTA, GA 30342, GA 30342

Respondents

---

**1.** Respondent **CINNABON FRANCHISOR SPV LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **AUNTIE ANNE'S FRANCHISOR SPV LLC** business as Co-Respondent(s).
Complainant is naming **FOCUS BRANDS, LLC** business as Co-Respondent(s).

**3**. Complainant **MARK HONG**, resides in the City of **Los Angeles,** State of **CA.**

**4.** Complainant alleges that on or about **February 28, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, national origin (includes language restrictions), color, other.

-1-
*Complaint – CRD No. 202211-18799004*

Date Filed: November 4, 2022

CRD-ENF 80 RS (Revised 10/22)

1
2
3

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions), color, other and as a result of the discrimination was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments.

4
5

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments.

6
7
8

**Additional Complaint Details:** Plaintiff was harassed, discriminated, and retaliated against and thereafter terminated from his employment.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-
*Complaint – CRD No. 202211-18799004*

Date Filed: November 4, 2022

CRD-ENF 80 RS (Revised 10/22)

VERIFICATION

I, **Nazo L. Koulloukian**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On November 4, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-3-
*Complaint – CRD No. 202211-18799004*

Date Filed: November 4, 2022

CRD-ENF 80 RS (Revised 10/22)